UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

CAMERON HANSON,

Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER CHAO,
SERGEANT RONZINO, JOHN AND JANE DOES,

Defendants.

------------------------------------------------------------------------- x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANT POLICE
OFFICER CHAO**

17-CV-6326 (RA)

Jury Trial Demanded


Defendant Police Officer Henry Chao, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein and purports to invoke the Court's jurisdiction as stated therein.

2. Denies the allegations in paragraph "2" of the complaint, except admits that plaintiff purports to proceed and seek damages as stated therein.

3. Denies the allegations in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Denies the allegations in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Denies the allegations in paragraph "5" of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

6.    Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "6" of the complaint.

7.    Denies the allegations in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and that plaintiff purports to sue the unidentified John Doe defendants as stated therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint pertaining to the purported "John Doe" defendants. Defendant further states that the allegations concerning whether the individual defendants' actions were "done as part of the custom, practice, usage, regulation and/or direction of the City of New York" is a legal conclusion to which no response is required.

8.    Denies the allegations in paragraph "8" of the complaint, except admits that defendants Chao and Ronzino were employed by the City of New York as police officers on or about November 5, 2015, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth pertaining to the purported "John Doe" defendants.

9.    Denies the allegations in paragraph "9" of the complaint, except admits that plaintiff purports to proceed as stated therein.

10. As to the allegations in paragraph "10" of the complaint, defendant admits only that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 19, 2016.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the complaint, except admits that a this Complaint was filed on August 21, 2017 and further admit that the claim has not been adjusted or settled.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the complaint, except admits that plaintiff was lawfully arrested on or about November 5, 2015.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the complaint, except admits that on or about November 5, 2015, a call was placed to police regarding this incident and police officers responded.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the complaint, except admits that on or about November 5, 2015, plaintiff was lawfully arrested on the charges of Criminal Obstruction of Breathing (N.Y.P.L. § 121.11) and Harassment in the Second Degree (N.Y.P.L. § 240.26).

17. Denies the allegations in paragraph "17" of the complaint, except admit that plaintiff and Ms. White were transported to the 47th Precinct.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the complaint.

20. Denies the allegations in paragraph "20" of the complaint.

21. Denies the allegations in paragraph "21" of the complaint, except admits that when searched, marijuana was found on plaintiff's person and admits that plaintiff was re-arrested for same.

22. Denies the allegations in paragraph "22" of the complaint, except admits that plaintiff refused to allow police to search his person and attempted to swing at an officer, and admit that plaintiff was re-arrested for same.

23. Denies the allegations in paragraph "23" of the complaint.

24. Denies the allegations in paragraph "24" of the complaint.

25. Denies the allegations in paragraph "25" of the complaint.

26. Denies the allegations in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the complaint.

28. Denies the allegations in paragraph "28" of the complaint, except admits that on or about November 5, 2015, plaintiff was transported to Montefiore Medical Center.

29. Denies the allegations in paragraph "29" of the complaint, except admits that on or about November 5, 2015, plaintiff was re-arrested on the charges of Assault on a Police Officer (N.Y.P.L. § 120.08), Tampering with Physical Evidence (N.Y.P.L. § 240.40), Obstructing Governmental Administration in the Second Degree (N.Y.P.L. § 195.05), and Unlawful Possession of Marijuana (N.Y.P.L. § 221.05).

30. Denies the allegations in paragraph "30" of the complaint, except admit that on or about November 5, 2015, plaintiff was re-arrested on the charges of Assault on a Police Officer (N.Y.P.L. § 120.08), Tampering with Physical Evidence (N.Y.P.L. § 240.40), Obstructing Governmental Administration in the Second Degree (N.Y.P.L. § 195.05), and Unlawful Possession of Marijuana (N.Y.P.L. § 221.05).

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the complaint.

33. Denies the allegations in paragraph "33" of the complaint, except admits that on or about June 23, 2016 the criminal case against plaintiff was dismissed on speedy trial grounds.

34. Denies the allegations in paragraph "34" of the complaint.

35. Denies the allegations in paragraph "35" of the complaint.

36. Denies the allegations in paragraph "36" of the complaint.

37. Denies the allegations in paragraph "37" of the complaint

38. Denies the allegations in paragraph "38" of the complaint.

39. Denies the allegations in paragraph "39" of the complaint.

40. In response to the allegations in paragraph "40" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

41. Denies the allegations in paragraph "41" of the complaint, except states that the allegations that defendants "acted under the color of law" are legal conclusions to which no response is required.

42. Denies the allegations in paragraph "42" of the complaint.

43. In response to the allegations in paragraph "43" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

44. Denies the allegations in paragraph "44" of the complaint, except states that the allegations that defendants "acted under the color of law" are legal conclusions to which no response is required.

45. Denies the allegations in paragraph "45" of the complaint.

46. In response to the allegations in paragraph "46" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

47. Denies the allegations in paragraph "47" of the complaint.

48. Denies the allegations in paragraph "48" of the complaint.

49. In response to the allegations in paragraph "49" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

50. Denies the allegations in paragraph "450" of the complaint.

51. Denies the allegations in paragraph "51" of the complaint.

52. In response to the allegations in paragraph "52" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

53. Denies the allegations in paragraph "53" of the complaint.

54. Denies the allegations in paragraph "54" of the complaint.

55. Denies the allegations in paragraph "55" of the complaint.

56. Denies the allegations in paragraph "56" of the complaint.

57. Denies the allegations in paragraph "57" of the complaint, except respectfully refers the Cout to the documents referenced therein for a recitation of their contents.

58. Denies the allegations in paragraph "58" of the complaint, except respectfully refers the Cout to the documents referenced therein for a recitation of their contents.

59. Denies the allegations in paragraph "59" of the complaint.

60. Denies the allegations in paragraph "60" of the complaint.

61. Denies the allegations in paragraph "61" of the complaint.

62. Denies the allegations in paragraph "62" of the complaint.

63. In response to the allegations in paragraph "63" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

64. Denies the allegations in paragraph "64" of the complaint.

65. Denies the allegations in paragraph "65" of the complaint.

66. Denies the allegations in paragraph "66" of the complaint.

67. Denies the allegations in paragraph "67" of the complaint.

68. Denies the allegations in paragraph "68" of the complaint.

69. In response to the allegations in paragraph "69" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

70. Denies the allegations in paragraph "70" of the complaint.

71. Denies the allegations in paragraph "71" of the complaint.

72. In response to the allegations in paragraph "72" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

73. Denies the allegations in paragraph "73" of the complaint.

74. Denies the allegations in paragraph "74" of the complaint.

75. In response to the allegations in paragraph "75" of complaint, defendant repeats and realleges the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

76. Denies the allegations in paragraph "76" of the complaint.

77. Denies the allegations in paragraph "77" of the complaint.

78. Denies the allegations in paragraph "78" of the complaint.

79. Denies the allegations in paragraph "79" of the complaint.

## FIRST AFFIRMATIVE DEFENSE:

80. The complaint fails to states a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

81. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

82. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

## FOURTH AFFIRMATIVE DEFENSE:

83. There was probable cause for plaintiff's arrest, detention, and prosecution.

## FIFTH AFFIRMATIVE DEFENSE:

84. Defendant Chao has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE:

85. At all times relevant to the acts alleged in the complaint, defendant Chao acted reasonably in the proper and lawful exercise of his discretion.

## SEVENTH AFFIRMATIVE DEFENSE:

86. Plaintiff provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

87. To the extent plaintiff purports to bring any state law claims, plaintiff may have failed to comply, in whole or in part, with New York General Municipal Law §§50(e), 50(h), and/or 50(i).

## NINTH AFFIRMATIVE DEFENSE:

88. Plaintiff has failed to mitigate his alleged damages.

## TENTH AFFIRMATIVE DEFENSE:

89. Plaintiff has failed to state a viable Monell claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

## ELEVENTH AFFIRMATIVE DEFENSE:

90. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## TWELFTH AFFIRMATIVE DEFENSE:

91. To the extent any force was used, such force was reasonable, necessary and justified.

## THIRTEENTH AFFIRMATIVE DEFENSE:

92. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendant Police Officer Henry Chao requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 9, 2018

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendants City, Ronzino, Chao*
100 Church Street, Room 3-308A
New York, New York 10007
(212) 356-5056

/s/

By: _____

Erin Ryan
Assistant Corporation Counsel
Special Federal Litigation Division

To: Philip Akakwam, Esq. (by ECF)