UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CAMERON HANSON,                                                     17-cv-6326 (RA)

                              Plaintiff,                                  **AMENDED COMPLAINT**

    -against-                                                              **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER
CHAO, SERGEANT RONZINO, POLICE
OFFICER JOSE MOREJON, POLICE OFFICER
MATTHEW STRAWN, DETECTIVE JEREMIAH
WILLIAMS, SERGEANT MEIYUE GONG, and
"JOHN AND JANE DOES
(the names John and Jane Does being fictitious as
their true names are presently unknown),

                              Defendants.
-------------------------------------------------------x

       Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, Police Officer Chao, Sergeant Ronzino, Police Officer Jose Morejon, Police Officer Matthew Strawn, Detective Jeremiah Williams, Sergeant Meiyue Gong and John and Jane Does (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

       1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

       2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, use of

excessive force and malicious prosecution of Plaintiff and otherwise, for the violation of his civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3.  The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.  Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.  Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6.  Plaintiff, a black male, is a resident of Bronx County, State of New York.

7.  Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers John and Jane Does through its Police Department and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8.  Upon information and belief and at all times relevant herein, defendants Police Officer Chao, Sergeant Ronzino, Police Officer Jose Morejon, Police Officer Matthew Strawn, Detective Jeremiah Williams, Sergeant Meiyue Gong, and John and Jane Does were police officers

employed by defendant City of New York.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

10. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City with respect to the malicious prosecution claim, in compliance with General Municipal Law Section 50.

11. More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. On or about November 5, 2015, at approximately 9:00 a.m., plaintiff was arrested at 2952 Kingsland Avenue, Bronx, New York following an argument with his girlfriend, Rhynishka White.

13. On the date and time aforesaid, plaintiff was with Ms. White inside her apartment when they got into an argument with each other. Plaintiff left the apartment and went outside to avoid any escalation.

14. Following the argument, the police were called and about five officers responded to the call. The officers met plaintiff outside the building and questioned him.

15. Plaintiff explained to the officers that they just had an argument over some issue and that it was nothing serious.

16. After speaking with plaintiff and Ms. White, the officers arrested both of them. The officers told plaintiff that they had to arrest him because it was a domestic violence call.

17. The officers searched plaintiff at the scene of the arrest before they placed him in a

police vehicle and transported him to the 47th precinct. No contraband was found on plaintiff. Ms. White was also transported to the same precinct.

18. At the precinct, plaintiff and Ms. White were placed in cells across from each other where they could see each other from their respective cells.

19. Plaintiff was locked up in a cell with about five other prisoners.

20. While plaintiff was inside the cell with other prisoners, a White detective came into the cell and said, in sum and substance, "whoever has it, just give it up".

21. Then the detective singled out plaintiff, took him out of the cell and started pulling out the waistband of plaintiff's sweat pants. As the detective pulled the waistband of plaintiff's pants towards himself, he looked into plaintiff's pants.

22. Plaintiff was shocked at the detective pulling and looking into his pants. So plaintiff backed up a little to let the detective let go of his pants.

23. Thereupon, the detective grabbed plaintiff and slammed him face-down on the floor.

24. He ripped plaintiff's pants, underwear and shirt. Plaintiff was naked on the floor.

25. The detective hit, punched, and kicked plaintiff on various parts of his body including his ribs. Plaintiff suffered injuries to his eyes, shoulder, back and ribs.

26. About ten other officers came and were all over plaintiff and grabbed, shoved and kneed him as he tried to protect himself from the assault by the detective.

27. The officers placed plaintiff in handcuffs and shackles and carried him into another cell where he was detained in a cell all by himself.

28. As a result of the injuries suffered by plaintiff from the assault by the detective, plaintiff requested for medical attention and was later taken to Montefiore Hospital where he was

treated before being brought back to the precinct.

29. To cover up their misconduct, defendant officers claimed to have recovered marijuana from the plaintiff and they intentionally provided false statements and information to the office of the District Attorney of Queens County to cause plaintiff to be prosecuted.

30. Based on false information provided by said defendant officers, plaintiff was charged with unlawful possession of marijuana, harassment and attempted assault among other things.

31. Upon arraignment, bail was set at $4,000 and Plaintiff was taken to the boat (detention Center located in the Bronx) and detained until his mother posted bail for him the following day.

32. Plaintiff was released the next day after posting bail but he had to return to court numerous times to defend the false charges levied against him.

33. On June 23, 2016, all the charges levied against plaintiff were summarily dismissed.

34. That each and every officer present during the incident knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

35. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

36. Plaintiff suffered physical injuries, including a black eye, bruises and lacerations on his face, body, head and shoulders. Moreover, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, loss of liberty, psychological trauma, pain, financial loss and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

37. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

38. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

39. Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

40. Plaintiff reiterates paragraphs 1 through 39 and incorporates such by reference herein.

41. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

42. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

43. Plaintiff reiterates paragraphs 1 through 42 and incorporates such by reference herein.

44. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

45. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A THIRD CAUSE OF ACTION:
### 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

46. Plaintiff reiterates paragraphs 1 through 45 and incorporates such by reference herein.

47. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A FOURTH CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FAILURE TO INTERCEDE

49. Plaintiff reiterates paragraphs 1 through 48 and incorporates such by reference herein.

50. The defendant officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

51. As a direct and proximate result of the misconduct detailed above, plaintiffs sustained the damage herein before stated.

### AND AS FOR A FIFTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

52. Plaintiff reiterates paragraphs 1 through 51 and incorporates such by reference herein.

53. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and

informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

54. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

55. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

56. It was the policy and/or custom of the City to undertake inadequate and improper investigations of civilian complaints of police misconduct and to punish inadequately officers involved in complaints which were substantiated.

57. In its report of investigations ("report") into NYPD use of force dated October 1, 2015, the New York City Department of Investigations, Office of the Inspector General for the NYPD, ("DOI") concluded that "[h]istorically, NYPD has frequently failed to discipline officers who use force without justification." Police Use of Force in New York City: Findings and Recommendations on NYPD's Policies and Practices, at 2-3.

58. Additionally, DOI concluded that "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force." *Id*. at 3.

59. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood on the proper use of force and reporting of force incidents.

60. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

61. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to the use of force by police officers, and was deliberately indifferent to that need.

62. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

## AND AS FOR A SIXTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE 1, §§ 5, 6, 8, 11 & 12

63. Plaintiff reiterates paragraphs 1 through 62 and incorporates such by reference herein.

64. By arresting, detaining and prosecuting plaintiff without probable cause or reasonable suspicion, and assaulting plaintiff and using excessive force against him, the defendant officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

65. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

66. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

67. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A SEVENTH CAUSE OF ACTION: PENDENT CLAIM FOR MALICIOUS PROSECUTION

69. Plaintiff reiterates paragraphs 1 through 68 and incorporates such by reference herein.

70. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

71. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiffs' constitutional rights causing plaintiffs to suffer substantial damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
May 22, 2018

                                                LAW OFFICE OF PHILIP AKAKWAM, P.C.
                                                Attorneys for the Plaintiff

                                                By:         /s/
                                                          Philip Akakwam
                                                          303 Livingston St., 2nd Floor
                                                          Brooklyn, N.Y. 11217
                                                          (718) 858-2488