UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

CAMERON HANSON,

                                           Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER CHAO, SERGEANT RONZINO, POLICE OFFICER JOSE MOREJON, POLICE OFFICER MATTHEW STRAWN, DETECTIVE JEREMIAH WILLIAMS, SERGEANT MEIYUE GONG, and JOHN AND JANE DOES,

                                           Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, POLICE OFFICER CHAO AND SERGEANT RONZINO**

17-CV-6326 (RA)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendants City of New York, Police Officer Henry Chao, and Sergeant Salvatore Ronzino, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein and purports to invoke the Court's jurisdiction as stated therein.

        2. Deny the allegations in paragraph "2" of the complaint, except admit that plaintiff purports to proceed and seek damages as stated therein.

        3. Deny the allegations in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4. Deny the allegations in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Deny the allegations in paragraph "5" of the complaint, except admit that plaintiff purports to base venue in this district as stated therein.

6. Deny knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "6" of the complaint.

7. Deny the allegations in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that plaintiff purports to sue the unidentified John Doe defendants as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint pertaining to the purported "John Doe" defendants. Defendants further state that the allegations concerning whether the individual defendants' actions were "done as part of the custom, practice, usage, regulation and/or direction of the City of New York" is a legal conclusion to which no response is required.

8. Deny the allegations in paragraph "8" of the complaint, except admit that defendants Chao and Ronzino were employed by the City of New York as police officers on or about November 5, 2015, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth pertaining to Police Officer Matthew Strawn, Detective Jeremiah Williams, Sergeant Meiyue Gong and "John and Jane Doe" defendants.

9. Deny the allegations in paragraph "9" of the complaint, except admit that plaintiff purports to proceed as stated therein.

10. As to the allegations in paragraph "10" of the complaint, defendants admit only that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 19, 2016.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the complaint, except admit that a this Complaint was filed on August 21, 2017 and further admit that the claim has not been adjusted or settled.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the complaint, except admit that plaintiff was lawfully arrested on or about November 5, 2015.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the complaint, except admit that on or about November 5, 2015, a call was placed to police regarding this incident and police officers responded.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the complaint, except admit that on or about November 5, 2015, plaintiff was lawfully arrested on the charges of Criminal Obstruction of Breathing (N.Y.P.L. § 121.11) and Harassment in the Second Degree (N.Y.P.L. § 240.26).

17. Deny the allegations in paragraph "17" of the complaint, except admit that plaintiff and Ms. White were transported to the 47th Precinct.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the complaint.

20. Deny the allegations in paragraph "20" of the complaint.

21. Deny the allegations in paragraph "21" of the complaint, except admit that when searched, marijuana was found on plaintiff's person and admit that plaintiff was re-arrested for same.

22. Deny the allegations in paragraph "22" of the complaint, except admit that plaintiff refused to allow police to search his person and attempted to swing at an officer, and admit that plaintiff was re-arrested for same.

23. Deny the allegations in paragraph "23" of the complaint.

24. Deny the allegations in paragraph "24" of the complaint.

25. Deny the allegations in paragraph "25" of the complaint.

26. Deny the allegations in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the complaint.

28. Deny the allegations in paragraph "28" of the complaint, except admit that on or about November 5, 2015, plaintiff was transported to Montefiore Medical Center.

29. Deny the allegations in paragraph "29" of the complaint, except admit that on or about November 5, 2015, plaintiff was re-arrested on the charges of Assault on a Police Officer (N.Y.P.L. § 120.08), Tampering with Physical Evidence (N.Y.P.L. § 240.40), Obstructing Governmental Administration in the Second Degree (N.Y.P.L. § 195.05), and Unlawful Possession of Marijuana (N.Y.P.L. § 221.05).

30. Deny the allegations in paragraph "30" of the complaint, except admit that on or about November 5, 2015, plaintiff was re-arrested on the charges of Assault on a Police Officer (N.Y.P.L. § 120.08), Tampering with Physical Evidence (N.Y.P.L. § 240.40), Obstructing Governmental Administration in the Second Degree (N.Y.P.L. § 195.05), and Unlawful Possession of Marijuana (N.Y.P.L. § 221.05).

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the complaint.

33. Deny the allegations in paragraph "33" of the complaint, except admit that on or about June 23, 2016 the criminal case against plaintiff was dismissed on speedy trial grounds.

34. Deny the allegations in paragraph "34" of the complaint.

35. Deny the allegations in paragraph "35" of the complaint.

36. Deny the allegations in paragraph "36" of the complaint.

37. Deny the allegations in paragraph "37" of the complaint

38. Deny the allegations in paragraph "38" of the complaint.

39. Deny the allegations in paragraph "39" of the complaint.

40. In response to the allegations in paragraph "40" of complaint, defendants repeat and reallege the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

41. Deny the allegations in paragraph "41" of the complaint, except state that the allegations that defendants "acted under the color of law" are legal conclusions to which no response is required.

42. Deny the allegations in paragraph "42" of the complaint.

43. In response to the allegations in paragraph "43" of complaint, defendants repeat and reallege the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

44. Deny the allegations in paragraph "44" of the complaint, except state that the allegations that defendants "acted under the color of law" are legal conclusions to which no response is required.

45. Deny the allegations in paragraph "45" of the complaint.

46. In response to the allegations in paragraph "46" of complaint, defendants repeat and reallege the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

47. Deny the allegations in paragraph "47" of the complaint.

48. Deny the allegations in paragraph "48" of the complaint.

49. In response to the allegations in paragraph "49" of complaint, defendants repeat and reallege the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

50. Deny the allegations in paragraph "450" of the complaint.

51. Deny the allegations in paragraph "51" of the complaint.

52. In response to the allegations in paragraph "52" of complaint, defendants repeat and reallege the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

53. Deny the allegations in paragraph "53" of the complaint.

54. Deny the allegations in paragraph "54" of the complaint.

55. Deny the allegations in paragraph "55" of the complaint.

56. Deny the allegations in paragraph "56" of the complaint.

57. Deny the allegations in paragraph "57" of the complaint, except respectfully refer the Cout to the documents referenced therein for a recitation of their contents.

58. Deny the allegations in paragraph "58" of the complaint, except respectfully refer the Cout to the documents referenced therein for a recitation of their contents.

59. Deny the allegations in paragraph "59" of the complaint.

60. Deny the allegations in paragraph "60" of the complaint.

61. Deny the allegations in paragraph "61" of the complaint.

62. Deny the allegations in paragraph "62" of the complaint.

63. In response to the allegations in paragraph "63" of complaint, defendants repeat and reallege the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

64. Deny the allegations in paragraph "64" of the complaint.

65. Deny the allegations in paragraph "65" of the complaint.

66. Deny the allegations in paragraph "66" of the complaint.

67. Deny the allegations in paragraph "67" of the complaint.

68. Deny the allegations in paragraph "68" of the complaint.

69. In response to the allegations in paragraph "69" of complaint, defendants repeat and reallege the responses in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

70. Deny the allegations in paragraph "70" of the complaint.

71. Deny the allegations in paragraph "71" of the complaint.

**FIRST AFFIRMATIVE DEFENSE:**

72. The complaint fails to states a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

73. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision

thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

74. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

**FOURTH AFFIRMATIVE DEFENSE:**

75. There was probable cause for plaintiff's arrest, detention, and prosecution.

**FIFTH AFFIRMATIVE DEFENSE:**

76. Defendants Chao and Ronzino have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE:**

77. At all times relevant to the acts alleged in the complaint, defendants Chao and Ronzino acted reasonably in the proper and lawful exercise of their discretion.

**SEVENTH AFFIRMATIVE DEFENSE:**

78. Plaintiff provoked any incident.

**EIGHTH AFFIRMATIVE DEFENSE:**

79. To the extent plaintiff purports to bring any state law claims, plaintiff may have failed to comply, in whole or in part, with New York General Municipal Law §§50(e), 50(h), and/or 50(i).

**NINTH AFFIRMATIVE DEFENSE:**

80. Plaintiff has failed to mitigate his alleged damages.

**TENTH AFFIRMATIVE DEFENSE:**

81. Plaintiff has failed to state a viable <u>Monell</u> claim under <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658 (1978).

**ELEVENTH AFFIRMATIVE DEFENSE:**

82. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**TWELFTH AFFIRMATIVE DEFENSE:**

83. To the extent any force was used, such force was reasonable, necessary and justified.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

84. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

85. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

**WHEREFORE,** defendants City of New York, Police Officer Henry Chao, and Sergeant Salvatore Ronzino request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 12, 2018

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendants City, Ronzino, Chao*
100 Church Street, Room 3-308A
New York, New York 10007
(212) 356-5056

By: _____/s/_____
Erin Ryan
Assistant Corporation Counsel
Special Federal Litigation Division

To: Philip Akakwam, Esq. (by ECF)